

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor, Waller County
Hempstead, Texas


Dear Sir:

Opinion No. O-6971
Re: Questions concerning the
issuance of time warrants
and bonds for the construction
of county courthouses and
jails.


We acknowledge receipt of your opinion request of recent date and quote from your letter as follows:

"For quite some time the Commissioners' Court has considered the construction of a new Court House and Jail. It is the desire of the Court to issue time warrants or deficiency warrants (I use these terms interchangably to mean warrants which are payable at some future time) to finance this expenditure, and to later refund such time warrants into bonds. By this method it is presumed that it will not be necessary to present this question by the election method.

"Eighteen cents of the 25¢ Permanent Improvement Fund is now levied, thereby leaving 7¢ which can be levied before the constitutional maximum is reached. It is presumed that this unincumbered 7¢ will be used to finance this undertaking.

"My questions are as follows:

"1. Under the above circumstances can the Commissioners' Court issue time warrants against future income, presuming

"First: That the due date of such time warrants, or part of same, is in the year 1946, for which a budget has already been adopted, but no provision is made therefor.

"Second: That the due date of such time warrants is in some future year or years

beyond the period of the present adopted budget.

"2.   Under the above circumstances, does the Commissioners' Court have the authority to refund such time warrants into bonds?

"3.   In case bonds are issued originally, without first issuing such time warrants for construction of a new Court House, is Commissioners' Court within its authority to issue such bonds and build such Court House, without first holding an election to determine whether such bonds shall be issued for the purpose of constructing said Court House?

"4.   My duty as County Auditor in reference to the above questions, and particularly in reference to my signature of approval, as Auditor, of the above mentioned time warrants.

"* * * *."

Prior to 1903 there was no provision in our statutes for the issuance of bonds and the courts of this State held that counties had the implied authority to issue time warrants for the construction of permanent improvements.

Sometime after these decisions, the Legislature authorized the issuance of bonds for courthouses, jails, public roads, etc. Later, in the case of Lasater v. Lopez, 217 S. W. 373, the Supreme Court held that it was in the discretion of the commissioners' court whether they issue time warrants or bonds for the construction of these permanent improvements.

In Bridgers v. The City of Lampasas, 249 S. W. 1083, error refused, the court stated:

"Third. It is well settled in Texas that counties have power to contract for the construction of court- houses, or for the improvement of public roads, on the general credit of the county, and to issue in evidence of the indebtedness thereby created the interest-bearing warrants of the county, maturing in after years. Lasater v. Lopez, 110 Tex. 179, 217 S. W. 373; Stratton v. Kinney County (Tex. Civ. App.) 137 S. W. 1170; Allen v. Abernathy (Tex. Civ. App.) 151 S. W. 349; San Patricio County v. Mc- Clane, 58 Tex. 243; Cowan v. Dupree (Tex. Civ. App.) 139 S. W. 887."

In view of the foregoing decisions, it is the opinion of this department that Waller County, subject to the express restrictions imposed by the Constitution and general laws, has power to issue time warrants against the future income of the county and make same payable in part out of the 1946 taxes, in payment for the construction of a county courthouse and jail, provided that the applicable regulations relating to the issuance of such warrants be observed.

We particularly call your attention to Article 2368a, Vernon's Annotated Civil Statutes, which provides generally that counties may issue time warrants where contract is entered into by and between the city or county and the contractor for the construction of public buildings, or the prosecution and completion of any public work where any expenditure is made in excess of $2,000, by first giving notice to bidders, which notice must also give notice of the intention of such county to issue warrants in payment of all or a part of the contract price, stating the maximum amount of the proposed time warrants, the rate of interest such warrants are to bear, and the maximum maturity date thereof. This notice must be published in a newspaper published in such county once a week for two consecutive weeks prior to the time set for letting such contract, the date of the first publication to be at least fourteen days prior to the date set for letting said contract. If by the time set for letting the contract, as many as ten per cent of the qualified voters of said county, whose names appear on the last approved tax rolls as property taxpayers, petition the commissioners' court, in writing to submit to a referendum vote the question of the issuance of bonds for such purpose, then the commissioners' court shall not be authorized to award said contract unless the proposition to issue bonds for such purpose is sustained by a majority of the votes cast at such election. If no such petition is filed, then the Commissioners Court may proceed with the final award of the contract and with the issuance of said warrants.

We further call your attention to the fact that the total obligations to be paid out of the permanent improvement fund must not exceed the twenty-five cent constitutional provision in any given year. Of course, you should amend your 1946 budget.

Replying to your second question, the Commissioners' Court would have authority to refund legally issued time warrants into bonds provided they follow the provisions of Article 2368a, Vernon's Annotated Civil Statutes, by giving notice of intention to issue such funding bonds by publication in a newspaper of general circulation at least once a week for three successive weeks, the date of the first publication being at least thirty days prior to the date on which it is proposed to pass the ordinance authorizing the bonds. If, at any time before the date fixed for the issuance of such bonds, not less than ten per cent of the qualified property taxpaying voters of the county, as shown by the records in the Office of County Clerk, pray-

ing the commissioners' court to order an election for the purpose of submitting the proposition to issue such bonds to a vote of the qualified property taxpaying voters of the county, such governing body shall order at the next meeting thereof an election to be held to determine whether or not such funding bonds shall be issued. In the event no such petition is presented, within the time hereinabove prescribed, no election on the proposition shall be required and such commissioners' court shall have the power to pass all necessary orders to provide for funding the indebtedness.

Replying to your third question, you are advised that the county does not have the authority to issue bonds for the construction of a new courthouse and to build such courthouse, without first holding an election and submitting the proposition to a vote of the qualified voters in the county.

Chapters 1 and 2 of Title 22, Revised Civil Statutes, provides generally for elections and the issuance of bonds for the purposes enumerated in Article 718.

Article 701 provides:

"The bonds of a county or any incorporated city or town shall never be issued for any purpose unless a proposition for the issuance of such bonds shall have been first submitted to qualified voters who are property tax payers of such county, city or town."

Article 718, among other things, provides that the Commissioners' Court of a county may lawfully issue bonds of a county for the purpose of erecting the county courthouse and jail, or either.

Article 719 provides:

"If a majority of the property taxpaying voters, voting at such election shall vote in favor of the proposition and such bonds shall be thereby authorized and shall be issued by the Commissioners' Court."

Trusting that this answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Claud O. Boothman
                Assistant

COB:EP

APPROVED
ATTORNEY GENERAL